IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLEEN MARINE, INC. | * | |
| 351 Charles Ave. | | |
| Wewahitchka, FL 32465 | * | |
| | | |
| Plaintiff, | * | |
| | | |
| v. | * | Civil Action No. _____ |
| | | |
| DIANE C. KOPKE, Individually and as | * | |
| Personal Representative of the Estate of | | |
| John D. Kopke | * | |
| 1523 Park Lane | | |
| Pasadena, Maryland, 21122 | * | |
| | | |
| and | * | |
| | | |
| ANDREW KOPKE | * | |
| 1523 Park Lane | | |
| Pasadena, Maryland, 21122 | * | |
| | | |
| Defendants. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

Colleen Marine, Inc., Plaintiff, by and through Donald J. Walsh, Morgan T. Dilks, and

Wright, Constable & Skeen, LLP, its attorneys, hereby sues Diane Kopke, individually and in

her capacity as Personal Representative for the Estate of John D. Kopke, and Andrew Kopke

(collectively "Defendants"), and for reasons states:

## PARTIES

1.      Plaintiff is a corporation, incorporated and headquartered in Delaware.  Its

principal place of business is in Florida.

2.      Defendant Diane Kopke is a resident of Anne Arundel County, Maryland.  The property which is the subject matter of this Complaint is located in Anne Arundel County, Maryland.  Defendant Diane Kopke has qualified and serves as Personal Representative for the Estate of John D. Kopke, which Estate is pending before the Register of Wills for Anne Arundel County as Estate No. 98905.

3.      Defendant Andrew Kopke is a resident of Anne Arundel County, Maryland and at all times relevant herein was the son of John D. Kopke and stepson of Defendant Diane Kopke.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because complete diversity of citizenship exists and the amount in controversy exceeds $75,000 exclusive of interest and costs.

5.      This Court is the proper venue for the dispute pursuant to 28 U.S.C. § 1391(b)(2) because Defendants reside in, and the cause of action arose in, Anne Arundel County, Maryland, which is covered by the Northern Division of this District.

## FACTS COMMON TO ALL COUNTS

6.      John D. Kopke was the owner of a steel hull boat bearing the name of "Ocean Spray" Official No. 1111459 ("Boat"), which is the subject property of this action.

7.      John D. Kopke passed away on September 17, 2019 and the Estate of John D. Kopke ("Estate") was created on October 21, 2019, establishing Diane C. Kopke as the Personal Representative of the Estate. *See* Exhibit 1, Estate Petition.

8.      On or about November 15, 2019, Plaintiff entered into a Vessel Purchase Agreement ("Agreement") for the Boat with the Estate. *See* Exhibit 2, Vessel Purchase Agreement.  Defendants induced and entered into a contract with Plaintiff to purchase the Boat

from the Estate in order to use the vessel to create an artificial reef which would include a memorial to Mr. Kopke. *Id*. at ¶1.1.

9.      As part of the Agreement, the Estate warranted that the Boat as of the sale date "assuming its delivery at Closing *safely afloat* and in substantially the same condition as she was at the time of such inspection normal wear and tear excepted." *Id.* at 1.3(a) (emphasis supplied). At Closing, the boat was also to be free of any encumbrances.  Specifically, Paragraph 1.3(b) states:

> The Vessel shall be sold by Seller to Buyer with a full warranty of title, free and clear of all liens, encumbrances and claims of any and all third parties whatsoever. Seller agrees to protect, defend and indemnify Buyer, the Vessel from any and all liens, claims or causes of action against or affecting the Vessel which might be asserted after the purchase and sale of the vessel by any person which relate to or arose from Seller's ownership of the Vessel prior to the sale of the Vessel to Buyer.

*Id.* at ¶1.3(b). In addition, the seller warranted in the Agreement that "at the time of delivery to the Buyer, the Vessel shall be free and clear of all Debts, claims, liens and encumbrances of any kind whatsoever created by Seller." *Id.* at ¶3.2.

10.     On November 15, 2019, Diane Kopke confirmed via an email conversation with Plaintiff that the Boat "has no debts; only the dock fee which will be paid." *See* Exhibit 3, November 15, 2019 Email.

11.     Although the Agreement was signed by Defendant Diane C. Kopke, as Personal Representative for the Estate, both Mrs. Kopke and Defendant Andrew Kopke were involved in inducing Coleen Marine to purchase this Boat.

12.     On the evening of November 19, 2019 Plaintiff attempted to retrieve the Boat from Geisler Point Marina ("GPM").  Employees of Plaintiff arrived late in the evening to retrieve the Boat.  Andrew Kopke rushed Plaintiff's employee into signing off on the boat quickly because he allegedly has trouble seeing at night and had another appointment that evening.

13.     Just after Defendants Diane Kopke and Andrew Kopke left GPM, Plaintiff's employees noticed a pump running in the boat pumping out water that was leaking aggressively.

14.     Defendants represented that the Boat was sound, with a bilge pump that would activate once every twenty-four hours; however, this was not the case. The Boat was connected to several pumps, which were perpetually removing aggressively infiltrating water, rendering the boat unseaworthy and would not stay afloat, let alone be considered "safely float", on its own.

15.     Plaintiff, on the night of November 19, 2019, immediately informed Andrew and Diane Kopke that the Boat's status was misrepresented, that it was not safely staying afloat, would be unsafe to tow and that the Agreement had been breached.

16.     Andrew Kopke responded via text message with conflicting responses, offering to help repair the Boat while simultaneously arguing that it was in fact seaworthy and needed no repairs.

17.     Shortly after Andrew Kopke responded via text message and while Plaintiff's employees were still present on GPM property, Bob Geisler, owner of GPM, began screaming and threatening Plaintiff's employees, stating that he would shoot Plaintiff's employees if they attempted to remove the Boat from GPM.  Mr. Geisler eventually calmed to a point where he was able to inform Plaintiff's employees that the dockage fees for the Boat had not been paid, that Defendants owed GPM roughly $2,000.00, that he was asserting a lien on the Boat and therefore GPM would not release the Boat to Plaintiff.

18.     Subsequently, Diane Kopke acknowledged owing the debt to GPM for dockage fees, but stated that they had no way to pay said debt.

19.     Contrary to the representations and warranties in the Agreement, the Boat would not stay afloat on its own, was not safe to tow, and was not unencumbered.

20.     Plaintiff never took ownership or possession of the Boat, informed Defendants that the Boat was not being accepted, and rescinded the sale Agreement due to Defendant's breach of the Agreement.  Plaintiff took no further action in regards to the Boat.

21.     Subsequent to Plaintiff's rescission of the Agreement on November 19, 2029, Andrew Kopke made efforts to push Plaintiff to take possession of the boat anyway, which ranged from persuasive to insistent that the Boat now belonged to Plaintiff.

22.     At some point subsequent to the events of November, 2019, Defendants, without notice or authorization and unbeknownst to Plaintiff, did fraudulently cause the title of the Boat to be registered in the name of Plaintiff. *See* Exhibit 3.

23.     On June 23, 2020, Plaintiff was notified by the United States Coast Guard ("USCG") via email that "[t]here was a sheen observed by Coast Guard responders coming from the Ocean Spray."  The email contained a Notice of Federal Interest. *See* Exhibit 3, USCG Email.

24.     The USCG sent a letter to Plaintiff, dated June 24, 2020 wherein the USCG, operating under the belief that Plaintiff was the owner of the Boat, stated that it would be holding Plaintiff responsible for the cleanup of pollution being caused by the Boat, and that failure to do so would result in substantial daily fines, as well as damage mitigation costs should the United States be required to perform the cleanup itself.  *See* Exhibit 4, USCG Letter.

25.     As a result of Defendants' fraudulent misrepresentations regarding the status of the boat, the rescission of the Agreement premised on its breach and these misrepresentations, their fraudulent filing of unauthorized title documents with the USCG, and such other and further facts as shall be shown at trial, Defendants remain owners of the Boat and directly responsible for any losses or damages caused by the Boat.

26.     In order to mitigate the expense of cleanup and avoid the heavy fines to be imposed by the USCG Plaintiff has begun efforts to undertake the environmental cleanup mandated by the USCG.  As a result, Plaintiff has been damaged in the amount of the cost for the environmental cleanup and any subsequent fees which shall be assessed by the USCG.

### COUNT I
### Indemnification
### (All Defendants)

27.     Plaintiff incorporates and adopts by reference the allegations set forth in Paragraphs 1 through 26 above as if fully restated herein.

28.     Plaintiff has incurred the expenses and damages resulting from the USCG mandated environmental cleanup of the Boat and its surrounding area in excess of $30,000.00.  Those damages were proximately caused by Defendants and Plaintiff's losses and damages will be the result of the actions and/or omissions of the Defendants.

29.     The USCG has continued to assert that Plaintiff is responsible for other costs and expenses associated with damages caused by the Boat including its cleanup and removal which will exceed $100,000.  The Boat is not owned by Plaintiff and is property of Defendants wrongfully placed in the name of Plaintiff.

30.     Defendants are liable to Plaintiff for indemnification of the entire amount of the costs of the USCG mandated environmental cleanup and any consequential damages and losses suffered by Plaintiff.

WHEREFORE, Plaintiff, Coleen Marine, Inc., demands judgment against Defendants Diane C. Kopke, individually and in her capacity as Personal Representative for the Estate of John D. Kopke, and Andrew Kopke in an amount in excess of $75,000, plus costs and interest, and for such other relief as this Court deems just and proper.

**COUNT II**
**Contribution**
**(All Defendants)**

31.     Plaintiff incorporates and adopts by reference the allegations set forth in Paragraphs 1 through 30 as if fully restated herein.

32.     Plaintiff denies liability for the environmental cleanup costs generated by the Boat that Defendants abandoned.  However, in the event that some measure of liability is attributed to Plaintiff, then for the reasons alleged herein, Defendants are also liable for to Plaintiff as Defendants' breach of contract, fraud, unauthorized filing of title documents and abandonment of the Boat were the proximate causes of the damages Plaintiff has incurred, and Plaintiff is entitled to contribution from Defendants for their proportionate share(s) of any damages attributed to Plaintiff.

WHEREFORE, Plaintiff Coleen Marine, Inc., demands judgment against Defendants Diane C. Kopke, individually and in her capacity as Personal Representative for the Estate of John D. Kopke, and Andrew Kopke, in an amount in excess of $75,000, plus costs and interest, and for such other relief as this Court deems just and proper.

**COUNT III**
**Fraud in the Inducement**
**(Andrew Kopke and Diane Kopke)**

33.     Plaintiff incorporates and adopts by reference all the allegations set forth in Paragraphs 1 through 32 as if fully restated herein.

34.     Defendants Andrew Kopke and Diane Kopke intentionally made false representations of material fact to Plaintiff by representing to Plaintiff, among other things, that the Boat was seaworthy, would stay afloat and that it was free of "encumbrances and claims of

any and all third parties whatsoever," which Defendants Andrew Kopke and Diane Kopke knew were not true.

35.     Despite Defendants being fully aware that Plaintiff had considered the Agreement breached and had rescinded it, Defendants further misrepresented the status of the sale and title to the vessel to the USCG when they filed title paperwork with the USCG without Plaintiff's misrepresenting that title had transferred to Plaintiff.

36.     Defendants Andrew Kopke and Diane Kopke knew that the representations were false at the time they were made or acted with such reckless indifference to the truth that it would be reasonable to charge them with knowledge of the falsity of those representations.

37.     Defendants Andrew Kopke and Diane Kopke intended to defraud Plaintiff and the USCG.

38.     Andrew Kopke and Diane Kopke's misrepresentations caused Plaintiff to reasonably act in reliance upon them.  Had Andrew Kopke and Diane Kopke not intentionally misled Plaintiff as noted above Plaintiff would have discovered the unseaworthy condition of the Boat and would not have entered into the transaction.

39.     As a result of Andrew Kopke and Diane Kopke's intentional and fraudulent misrepresentations, the Agreement was void *ab initio* and the Agreement had been rescinded by Plaintiff and the submission of title information to USCG was improper.   Plaintiff has now incurred significant and substantial consequential damages in seeking to mitigate its damages, including legal fees, environmental cleanup fees, and other harm as a direct result of Andrew Kopke and Diane Kopke's intentional and fraudulent misrepresentations.

WHEREFORE, Plaintiff Coleen Marine, Inc., demands judgment against Defendants Diane C. Kopke, individually and in her capacity as Personal Representative for the Estate of

John D. Kopke, and Andrew Kopke, in an amount in excess of $75,000, plus costs and interest, and for such other relief as this Court deems just and proper.

**COUNT IV**
**Declaratory Judgment**
**(<u>Andrew Kopke and Diane Kopke</u>)**

40.     Plaintiff incorporates and adopts by reference all the allegations set forth in Paragraphs 1through 39 as if fully restated herein.

41.     Plaintiff seeks a declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S. Code § 2201 for the purpose of determining a question of actual controversy between the parties and terminating uncertainty and controversy giving rise to this proceeding.

42.     The Agreement, pursuant to paragraph 1.3, states that "Buyer has heretofore inspected the Vessel and accepts its condition assuming its delivery at Closing safely afloat and in substantially the same condition as she was at the time of such inspection…" *See* Exhibit 3.

43.     Upon closing, the Boat did not say "safely afloat" for removal by Plaintiff, despite representations from Defendant Andrew Kopke that the Boat was seaworthy and would stay safely afloat, per the Agreement.

44.     As a result of the intentional and fraudulent misrepresentations made by Defendant Andrew Kopke, Plaintiff was induced to enter into the Agreement, and Plaintiff would not have entered into the Agreement but for the misrepresentations made by Defendant Andrew Kopke.

45.     As Plaintiff was fraudulently induced to enter into the Agreement, the Agreement was void *ab initio*, and the Estate of John D. Kopke retains ownership of the Boat.  In addition, Plaintiff rescinded the Agreement promptly upon learning of the issues with the Boat.

46.     The title work filed with USCG was done without authorization of Plaintiff and was incorrect since Plaintiff did not take ownership of the Boat.

47.     There exists an actual controversy of a justiciable issue between Plaintiff and Defendants within the jurisdiction of this Court involving the rights and liabilities of the parties.

48.     A declaratory judgment by this court will terminate this controversy.

WHEREFORE, Plaintiff Coleen Marine, Inc., respectfully requests that this Court:

(a) Determine and declare the rights and liabilities of the parties with respect to the ownership of the Boat;

(b) Determine and declare that the Estate of John D. Kopke retains ownership of the Boat;

(c) Determine and declare that the Estate of John D. Kopke, Diane Kopke, and Andrew Kopke are obligated, jointly and severally, to indemnify Plaintiff for past and future expenses caused by the Boat; and

(d) Award Plaintiff any other relief as may be just and proper.


_____/s/ Donald J. Walsh_____
Donald J. Walsh (Bar #  09384)
Wright, Constable & Skeen, LLP
7 Saint Paul Street, 18th Floor
Baltimore, Maryland 21202
410-659-1300
410-659-1350 Fax
dwalsh@wcslaw.com

*Attorneys for Plaintiff*